**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

STEFANO DEONG GREEN,

Defendant.

Case No.  2:25-CR-00731(A)-JFW-6

**ORDER OF DETENTION**

[18 U.S.C. §§ 3148(b), 3143(a)]

On February 13, 2021, Defendant Stefano Deong Green made his initial appearance following his arrest on a bench warrant issued on February 3, 2026, and a detention hearing was held.

Defendant submitted on the detention recommendation in the Pretrial Services Report.

The Court has reviewed the files and records in this matter, including the report prepared by the U.S. Pretrial Services Agency on February 13, 2026, and its recommendation of detention.

The Court has considered the allegations of Defendant's noncompliance with the conditions set for pretrial release (using alcohol, using methamphetamine, failing to report for alcohol testing on multiple occasions, and failing to report in person at the Probation and Pretrial Service office as directed) as alleged in the petition for action on conditions of pretrial release and warrant for arrest issued by this Court. Pretrial Services states that Defendant has been afforded every opportunity to remain sober and comply with the conditions ordered by the Court, and Pretrial Services attempted to work with Defendant and avoid a violation hearing by recommending a modified release condition.  However, Defendant has disregarded Pretrial Services' direction.  From January 29, 2026, until Defendant's arrest on the warrant, Pretrial Services was unable to get in contact with Defendant.

The Court finds, pursuant to 18 U.S.C.§ 3148(b), clear and convincing evidence that Defendant has violated the conditions of his release.

Having considered the factors set forth in 18 U.S.C.  §3142(g), the court finds that there no longer is any condition or combination of conditions of release that will assure that the defendant will not flee or pose a danger to the community or to others if allowed to remain on bail pending future court proceedings.

The Court finds that there is now a change in circumstances which justifies reconsideration of the decision to allow Defendant to remain on release.  The Court now finds that, under the current circumstances, clear and convincing evidence does not exist to show that the defendant is not likely to flee or pose a danger to the community or to others if allowed to remain on bail.

IT THEREFORE IS ORDERED that defendant is remanded to the custody of the United States Marshal pending further proceedings to be scheduled before District Judge Walter.


Dated: February 13, 2026

_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

3